**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| **GLENN WILLIAMS, DANIEL O'DEA, JIMMIE BURRIS** ) | |
| **MONIQUE DRINKARD, MARK HOENDERVOOGHT,** ) | |
| **DAMION WHITNEY, GAIL MCDOUGLE,** ) | |
| **VERONICA RAY, and MARY MITCHELL, individually** ) | |
| **and as putative class representatives of those** ) | |
| **individuals similarly situated,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No.** |
| **v.** ) | |
| ) | |
| **CITY OF CHICAGO;** ) | |
| ) | |
| **TEAMSTERS LOCAL 700;** ) | |
| ) | |
| **CEMENT MASON LOCAL 502; and** ) | |
| ) | |
| **LABORS LOCAL 1001;** ) | |
| ) | |
| **Defendants.** ) | |

# COMPLAINT

## INTRODUCTION

1.      This case is brought on behalf of the unionized employees of the City of Chicago

who have been damaged as a result of the City of Chicago's breach of the collective bargaining

agreements between the City of Chicago and its local unions, known at this time as Teamsters

Local 700, Cement Workers 502, and Labor Local 1001.  On information and belief, there may

be other local unions members who may have sustained damages as a result of the allegations complained of herein.

2.      The Chicago Department of Transportation's Division of Electrical Engineers (Bureau of Electric) is a year-round, twenty-four hours a day, seven days a week operation.  It is responsible for the repair and maintenance of approximately 320,000 luminaires, such as streetlights, alley lights, and traffic signals within the City of Chicago.  The City of Chicago employees who repair the luminaires are represented by the International Brotherhood of Electrical Workers (also known as "TEAMSTERS LOCAL 700"). The workers are employed under job titles as Lamp Maintenance Worker, Street Light Repairman, Lineman, and Foreman of Streetlight Repairmen.

3.       Provisions of Article 14, Section 14.2 of the Collective Bargaining Agreement, entitled "Traditional Work", sets forth the guidelines for "any work which has traditionally performed by employees who are represented by Local 700, shall continue to be performed by said employees."

4.      The Chicago Department of Transportation, Bureau of Electric, has constantly violated the collective bargaining agreements concerning the use and driving of the bucket.  For example, Local 700 members are Motor Truck Drivers. Their position requires them to drive any truck or van that the Chicago Department of Transportation has.  The employees transport personnel, materials, equipment, tools and machinery to and from job sites.  Local 700 members have traditionally been the only employees who should be driving the trucks and vans.

5.      On information and belief, the City has replaced "single box trucks," traditionally driven by Teamsters local 700 members with small bucket trucks. These small bucket trucks are being driven by I BEWD 4 local 9 members to the work site instead of Teamsters local 700 members.  Not only has this work historically been done by the Teamsters Local 700 members, but Teamsters' members as a whole, have been engaged in driving or chauffeuring other tradesmen since the inception of the teamster local 700 contract with the city of Chicago. By reassigning the driving duties, there has been an adverse impact on the hours, wages, and working conditions of the employees in the unit.  It has also created potential economic and traditional work losses, and adverse impacts on work shifts, hours and details, and on information and belief, has been done in order to intentionally decrease manpower within the bargaining unit.

6.      On information and belief, in addition to the damaging effects to Local 700 members, the City of Chicago's actions have also directly affected and damaged the union members the Cement Mason Local 502 and Labors Local 1001 in the same manner.


**JURISDICTION**

7.      This Court has federal jurisdiction pursuant to 28 U.S.C. § 1331 and Section 301 of the National Labor Relations Act.


**VENUE**

8.      The allegations in this compaint were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391e(1). All plaintiffs, individual and putative similarly situated plaintiffs reside and work or have resided and worked during all relevant times in this District, as well as and the fact that the City of Chicago headquarters and principal place of business are in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiffs have adequately exhausted all administered remedies. Plaintiffs, all of whom are employees of the City of Chicago, and represented by local unions, have filed numerous grievances dating back to 2010, with their Local representatives for the City's breach of the collective bargaining agreement pertaining to the traditional work. The unions have continued to refuse to represent the union members' claims.

## PARTIES

11. Plaintiffs, GLENN WILLIAMS, DANIEL O'DEA, JIMMIE BURRIS, MONIQUE DRINKARD, MARK HOENDERVOOGHT, DAMION WHITNEY are all City of Chicago employees and members of defendant, Teamsters Local 700.

12. Defendant, CITY OF CHICAGO, is a municipal Corportation, and the employer of all of the plaintiffs in the case.

13. Defendant, TEAMSTERS LOCAL 700, is an international labor organization who represent a vast number of employees who are employed by the City of Chicago.

14. Defendant, CEMENT MASON LOCAL 502, is a labor organization that represents numerous employees of the City of Chicago.

15.     Defendant, LABORS LOCAL 1001, is a labor organization that represents numerous employees of the City of Chicago.

**CAUSE OF ACTION**

**COUNT 1: BREACH OF CONTRACT**

16.     Plaintiffs reallege paragraphs 1-15 as though fully plead herein.

17.     On information and belief, the City of Chicago and the named labor organizations entered into individual collective bargaining agreements with set forth the terms for "traditional work," agreeing that work that was traditionally performed by employees who are represented by the Unions, shall continue to be performed by said employees.

18.     On information and belief this is clearly set forth in Section 14.3 of the collective bargaining agreement between the City of Chicago and Teamsters Local 700, entitled "Traditional Work".

19.     That the City of Chicago breached this agreement by outsourcing the work that was traditionally performed by its unionized employees. And changing the trucks traditionally used by Local 700 members in the Department transportation employees' duties.

20.     As a proximate result of this breach, the plaintiffs and putative class plaintiffs suffered damages, including loss of work hours, and thus loss of wages.

**COUNT 2:  UNFAIR LABOR PRACTICE IN VIOALTION OF THE NATIOAL LABOR RELATIONS ACT**

21.     Plainitiffs and putative class plaintiffs reallege paragraphs 1-20 as though fully pleaded herein.

22.     At all times herein, plaintiffs and putative class plaintiffs were members of one of the named local labor organizations.

23.     That the labor organizations owe a duty to fairly represent its members in labor disputes with their employer, the City of Chicago.

24.     That Plaintiffs and numerous other union members have filed grievances concerning the breach of the "traditional work" clause of the collective bargaining agreement between the City of Chicago and the local unions it contracts with, including Teamsters Local 700, Cement Mason Local 502, and Labors Local 1001.

25.     That the unions have either failed to adequately represent its members, or the unions have fallen short in its representation of its members.

26.     As a result, the refusal to adequately represent the union members' claims have constituted arbitrary treatment and has proximately caused damages to the plaintiffs and putative class plaintiffs.


**CLASS ALLEGATIONS PURSUANT TO RULE 23**

27.     This action is predicated upon Rule 23 of the Federal Rules of Civil Procedure as follows:

a.       the class is so numerous that joinder of all members is impracticable;

b.       there are questions of law or fact common to the class;

c.       the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

d.       the representative parties will fairly and adequately protect the interests of the class.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, individually and on behalf of the similarly situated putative class plaintiffs, respectfully request that this Honorable Court:

a) certify this as a class action complaint pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b) designate Glenn WIlliams, Daniel O'Dea, Jimmie Burris, Monique Drinkard, Mark Hoendervooght, Damion Whitney, Gail McDoughle, Veronica Ray, and Mary Mitchell as class representatives of the Rule 23 Class and the undersigned counsel as counsel for the class;

c) award economic and non-economic damages;

d) award expenses, including reasonable attorney's fees; and

e) grant such other and further relief as the Court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY

**RESPECTFULLY SUBMITTED,**

**THE PLAINTIFFS**

By: /s/ Allison K. Muth

HOLSTEIN & MUTH, LLC
Allison K. Muth
Robert A. Holstein
130 N. Garland Court, #909
Chicago, Illinois 60602
(312) 906-8000
(708)205-1869
Allison.muth.law@gmail.com
Holsteinrobert3@gmail.com